**E-Filed 8/19/2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case Number 5:10-cv-04213-JF/HRL |
| Plaintiff, | ORDER[1] DENYING MOTIONS TO ALTER OR AMEND JUDGMENT |
| v. | |
| OSCAR A. AVILES, IRIS MENDOZA, NELIS MENDOZA, RENALDO R. MENDOZA, individually and doing business as Golden Fish Restaurant, | |
| Defendants. | |

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") brought the instant action for conversion and unlawful interception of a telecast against Defendants Oscar A. Aviles, Iris Mendoza, Nelis Mendoza, and Renaldo Mendoza, individually and doing business as Golden Fish Restaurant. Defendants did not respond to the complaint, and default was entered against them.[2] On May 18, 2011, the Court entered default judgment in favor of Plaintiff, awarding $250 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), and $2,200 pursuant to Cal.

---

[1] This disposition is not designated for publication in the official reports.

[2] Defendants Oscar A. Aviles and Nelis Mendoza subsequently filed for bankruptcy.

Case No. C 10-4213 JF
ORDER DENYING MOTIONS TO ALTER OR AMEND JUDGMENT
(JFLC3)

1  Civ. Code § 3336.  Plaintiff now moves to alter or amend the judgment, claiming that the Court
2  committed clear error by awarding statutory damages under 47 U.S.C. § 553 rather than 47
3  U.S.C. § 605, which provides for greater minimum statutory damages.  Plaintiff also contends
4  that the amount awarded was insufficient to deter future violations.  Separately, Defendant
5  Renaldo Mendoza moves to alter or amend the judgment on the ground that the Court committed
6  clear error by failing to consider whether Plaintiff failed to mitigate damages.

7  Pursuant to Federal Rule of Civil Procedure 59(e), a motion to alter or amend judgment may be granted if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  The rule "may not be used to relitigate old matters, or raise arguments or present evidence that could have been raised prior to entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.1 (2008).

Plaintiff filed claims under both 47 U.S.C. § 605, which applies to the interception of "radio" communications, and 47 U.S.C. § 553, which applies to the interception of a cable communications.  The Court concluded that because the pleading did not allege that Defendants used a satellite dish to intercept the broadcast, the factual allegations were insufficient to support an award of damages under 47 U.S.C. § 605.  Because it was undisputed that Defendant intercepted the broadcast by some means, and a cable box is hidden more easily than a satellite dish, the Court concluded that damages under 47 U.S.C. § 553 were more appropriate.

Plaintiff contends that this was clear error.  It relies on *J&J Sports Prods. Inc. v. Marcaida*, No. 10-5125 SC, 2011 WL 2149923 (N.D. Cal. May 31, 2011), in which another court in this district concluded that an award of damages under 47 U.S.C. § 605 was appropriate even though the investigator could not determine the precise means the defendant used to obtain the program.  That court reasoned that the defendant should not benefit from failing to respond to the complaint.  While Plaintiff refers to this as the 'Northern District" approach, it acknowledges that there is a split of authority even within the district.  Indeed, several other courts in this

2

Case No. C 10-4213 JF
ORDER DENYING MOTIONS TO ALTER OR AMEND JUDGMENT
(JFLC3)

district have reached the same conclusion as this Court, i.e., that plaintiffs must allege facts sufficient to establish interception by satellite in order to receive an award under 47 U.S.C. § 605. *See, e.g.*, *J&J Sports Prods. Inc. v. Ro*, No. 09-02860 WHA, 2010 WL 668065 (N.D. Cal. Feb. 19, 2010); *J&J Sports Prods. Inc. v. Guzman*, No. 08-5469 MHP, 2009 WL 1034218 (N.D. Cal. April 16, 2009); *J&J Sports Prods. Inc. v. Manzano*, No. 08-1872 RMW, 2008 WL 4542962 (N.D. Cal. Sept. 29, 2011). Plaintiff also acknowledges that the Ninth Circuit has not ruled on the reach of these statutes. *See* Mot. at 4 n.2. Under these circumstances, Plaintiff has not met its burden of showing that the Court committed clear error in awarding damages under 47 U.S.C. § 553.

Plaintiff's argument that the damages award is insufficient to meet the congressional policy goal of deterring pirating of telecommunications also fails to meet the requirements of Rule 59(e). Plaintiff presented similar arguments in its motion for summary judgment. After considering those arguments, the Court determined that a higher award of damages was not appropriate in this particular case, given that the telecast was displayed on only one small television in a seafood restaurant with only eight individuals present. Nothing in Plaintiff's motion to amend leads the Court to alter this conclusion. Moreover, $2,450 is a considerable penalty for small businesses struggling to make ends meet. In this case, two of the Defendants filed for bankruptcy during the pendency of this matter, and Mendoza has attested to his inability to pay for an attorney in his defense.

Mendoza's motion to alter or amend the judgment also is without merit. Mendoza contends that Plaintiff's investigator observed Defendants displaying the program during one of the preliminary bouts but did not act to prevent Defendants from displaying the rest of the program, including the main event. He claims that the Court erred in not finding that the investigator's inaction amounted to a failure to mitigate damages.

Mendoza raises this creative argument for the first time in his Rule 59(e) motion. A motion to alter or amend judgment is not an opportunity relitigate the case. *Baker*, 554 U.S. at 485 n.1. Mendoza points to no authority indicating that a court's failure to consider *sua sponte* a plaintiff's failure to mitigate damages is clear error. Even if the Court were to consider the

3

1  argument on its merits, Mendoza provides no support for the dubious proposition that the failure
2  of an investigator to encourage a defendant to cease illegal interception of a telecast amounts to a
3  failure to mitigate damages.
4      For the foregoing reasons, both motions to alter or amend the judgment are hereby
5  denied, and the original judgment is hereby affirmed.
6  **IT IS SO ORDERED.**

DATED:   August 17, 2011

_____
JEREMY FOGEL
United States District Judge

Case No. C 10-4213 JF
ORDER DENYING MOTIONS TO ALTER OR AMEND JUDGMENT
(JFLC3)